# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZimVie Inc. and Zimmer Biomet Spine, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Medtronic, Inc.; Medtronic USA, Inc.; Biomet New York, Inc.; Brian Cosgrove; David Zuklie; and John Scott, <br><br> Defendants. | Case No.:      23-cv-3622-NJC-SIL |

## DEFENDANT JOHN SCOTT'S ANSWER AND DEFENSES TO PLAINTIFFS' FOURTH AMENDED COMPLAINT

Defendant John Scott ("Scott") responds to Plaintiffs ZimVie Inc. and Zimmer Biomet Spine, Inc.'s (collectively "ZimVie") Fourth Amended Complaint ("Complaint") as follows. Unless specifically admitted, Scott denies each and every allegation in the Complaint.

## <u>INTRODUCTION</u>

1. The allegations in Paragraph 1 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2. Scott denies the allegations in Paragraph 2 of the Complaint, and denies that ZimVie is entitled to any judgment or relief requested therein.

3. The allegations in Paragraph 3 of the Complaint that are directed to parties other than Scott require no response from Scott. To the extent a response is required from Scott, Scott

denies those allegations in Paragraph 3 of the Complaint. Scott denies any remaining allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies the same.

5.      The allegations in Paragraph 5 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6.      The allegations in Paragraph 6 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.      The allegations in the first sentence of Paragraph 7 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott denies the allegations in the first sentence of Paragraph 7 of the Complaint. In response to the allegations in the second sentence of Paragraph 7 of the Complaint, Scott states that Exhibit E to the Complaint is a writing that speaks for itself. Scott denies any allegations in the second sentence of Paragraph 7 of the Complaint that are inconsistent with Exhibit E to the Complaint. Scott denies the allegations in the third sentence of Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 8 of the Complaint that "Medtronic is fully aware of the ZBNY Defendants' and Mr. Scott's contractual obligations to ZimVie," and therefore denies the same. Scott denies all other allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10.     The allegations in Paragraph 10 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11.     The allegations in Paragraph 11 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     The allegations in Paragraph 12 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     The allegations in Paragraph 13 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14.     The allegations in Paragraph 14 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15.     The allegations in Paragraph 15 of the Complaint are directed to parties other than Scott and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

## PARTIES

16.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third and fourth sentences of Paragraph 16 of the Complaint, and therefore denies the same. Scott denies the allegations in the second sentence of Paragraph 16 of the Complaint.

17.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 of the Complaint, and therefore denies the same. The second sentence of Paragraph 17 of the Complaint contains no allegations and therefore requires no response.

18.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of the Complaint. The second sentence of Paragraph 19 of the Complaint contains no allegations and therefore requires no response.

20.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20 of the Complaint, and therefore denies the same. Scott denies the allegations in the remainder of Paragraph 20 of the Complaint.

21.     The allegations in the first sentence of Paragraph 21 of the Complaint are directed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same. The second sentence of Paragraph 21 of the Complaint contains no allegations and therefore requires no response.

22.     The allegations in Paragraph 22 of the Complaint are directed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23.     The allegations in Paragraph 23 of the Complaint are directed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies the same

24.     Scott admits the allegations in Paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25.      The allegations in Paragraph 25 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Scott denies the allegations in Paragraph 25 of the Complaint.

26.      To the extent the allegations in Paragraph 26 of the Complaint are conclusions of law, no response is required. The allegations in Paragraph 26 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the same.

27.      The allegations in Paragraph 27 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28.      The allegations in Paragraph 28 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29.      The allegations in Paragraph 29 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30.      The allegations in Paragraph 30 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from

Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies the same.

31.     To the extent the allegations in Paragraph 31 of the Complaint are conclusions of law, no response is required. The allegations in Paragraph 31 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32.     To the extent the allegations in Paragraph 32 of the Complaint are conclusions of law, no response is required. The allegations in Paragraph 32 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33.     To the extent the allegations in Paragraph 33 of the Complaint are conclusions of law, no response is required. Scott denies the allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint are conclusions of law to which no response is required. The allegations in Paragraph 34 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies the same. The allegations in footnote 1 to Paragraph 34 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 to Paragraph 34 of the Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

35.     Scott admits that ZimVie is a medical device company. Scott denies the remaining allegations in Paragraph 35 of the Complaint.

36.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 36 of the Complaint, and accordingly denies the allegations in Paragraph 36 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

37.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 37 of the Complaint, and accordingly denies the allegations in Paragraph 37 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

38.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 38 of the Complaint, and accordingly denies the allegations in Paragraph 38 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

39.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 39 of the Complaint, and accordingly denies the allegations in Paragraph 39 to the extent

they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

40.     Scott denies ZimVie sells spinal surgery products or that it holds roughly 3% market share. Scott admits the spinal surgery products market is highly competitive, and Medtronic sells products within that market. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore denies the same.

41.     In response to the allegations in the first sentence of Paragraph 41 of the Complaint, Scott admits that trust is important in the spine surgery business. Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in the remainder of Paragraph 41 of the Complaint, and accordingly denies the allegations in Paragraph 41 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

42.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in the first sentence of Paragraph 42 of the Complaint, and accordingly denies the allegations in Paragraph 42 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 42 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same. Scott is without knowledge

or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 42 of the Complaint, and therefore denies the same.

43.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 43 of the Complaint, and accordingly denies the allegations in Paragraph 43 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

44.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 44 of the Complaint, and accordingly denies the allegations in Paragraph 44 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

45.     Scott denies ZimVie sells spinal products at all, let alone in the manner set forth in Paragraph 45 of the Complaint, and accordingly denies the allegations in Paragraph 45 to the extent they relate to spinal products. Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint to the extent they relate to ZimVie products other than spinal products or to spinal products sold by ZimVie's successor, and therefore denies the same.

46.     To the extent the allegations in Paragraph 46 of the Complaint are directed to parties other than Scott, they require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 46 of the Complaint, and therefore denies the same. To the extent they relate to Scott's SRA, Scott denies any allegations in Paragraph 46 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

47.     To the extent the allegations in Paragraph 47 of the Complaint are directed to parties other than Scott, they require no response from Scott. To the extent a response is required from Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies the same. To the extent they relate to Scott's SRA, Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 47 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

48.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies the same.

49.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies the same.

50.     The allegations in Paragraph 50 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies the same.

51.     The allegations in Paragraph 51 of the Complaint, including in footnote 2, are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, including footnote 2, and therefore denies the same.

52.     The allegations in Paragraph 52 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies the same.

53.     The allegations in Paragraph 53 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore denies the same.

54.     The allegations in Paragraph 54 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore denies the same.

55.     The allegations in Paragraph 55 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and therefore denies the same.

56.     The allegations in Paragraph 56 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies the same.

57.     The allegations in Paragraph 57 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies the same.

58.      The allegations in Paragraph 58 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies the same.

59.      The allegations in Paragraph 59 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies the same.

60.      The allegations in Paragraph 60 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and therefore denies the same.

61.      In response to the allegations in the first sentence of Paragraph 61 of the Complaint, Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in the first sentence of Paragraph 61 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto. Scott admits the allegations in the second sentence of Paragraph 61 of the Complaint.

62.      Scott admits the allegations in the first sentence of Paragraph 62 of the Complaint. In response to the allegations in the second sentence of the Complaint, Scott states that Exhibits D and E to the Complaint and any amendments thereto, are writings that speak for themselves. Scott

denies any allegations in Paragraph 62 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

63.     Scott states that Exhibits D and E to the Complaint and any amendments thereto are writings that speaks for themselves. Scott denies any allegations in Paragraph 63 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto. Scott denies any remaining allegations in Paragraph 63 of the Complaint.

64.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 64 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

65.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 65 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

66.     Scott states that Exhibits D and E to the Complaint are writings that speaks for themselves. Scott denies any allegations in Paragraph 66 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

67.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 67 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto.

68.     Scott admits the allegations in Paragraph 68 of the Complaint.

69.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 69 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto or that are inconsistent

with any relevant agreements entered into by TKO Medical, LLC ("TKO Medical") sales personnel.

70.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 70 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto or that are inconsistent with any relevant agreements entered into by TKO Medical sales personnel.

71.     Scott states that Exhibits D and E to the Complaint are writings that speak for themselves. Scott denies any allegations in Paragraph 71 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto or that are inconsistent with any relevant agreements entered into by TKO Medical sales personnel.

72.     In response to the allegations in Paragraph 72 of the Complaint, Scott admits that TKO Medical's sales personnel included Patrick Hurto, Daniel Hileman, and Brian Mitts. Scott states that Exhibits D and E to the Complaint and any relevant agreement entered into by Hurto, Hileman, or Mitts are writings that speak for themselves. Scott denies any allegations in Paragraph 72 of the Complaint that are inconsistent with Exhibits D and E to the Complaint and/or any amendments thereto or that are inconsistent with any relevant agreements entered into by Hurto, Hileman, or Mitts. Scott denies the remaining allegations in Paragraph 72 of the Complaint.

73.     The allegations in Paragraph 73 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and therefore denies the same.

74.     The allegations in Paragraph 74 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and therefore denies the same.

75.     The allegations in Paragraph 75 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore denies the same.

76.     Scott denies the allegations in the first sentence of Paragraph 76 of the Complaint. Scott admits he considers Brian Cosgrove to be a friend and they both were sales representatives for ZimVie's legacy parent company, Biomet. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore denies the same.

77.     In response to the allegations in Paragraph 77 of the Complaint, Scott admits that he is employed by Medtronic. Scott denies the remaining allegations in Paragraph 77 of the Complaint.

78.     Scott admits that in or around December 2022, he and Andy Rule talked with Ricardo Vita to discuss terminating the TKO SRA as to Scott (but not as to TKO). Scott denies this meeting with Vita was coordinated in any way with or connected to ZBNY Defendants. To the extent the allegations in Paragraph 78 are directed to parties other than Scott, no response is required from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 78 of the Complaint, and therefore denies the same. Scott denies the remaining allegations in Paragraph 78 of the Complaint.

79.     To the extent the allegations in Paragraph 79 of the Complaint are directed to parties other than Scott, no response is required from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 79 of the Complaint, and therefore denies the same. In response to the allegations in Paragraph 79 of the Complaint, Scott states that Exhibit E to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 79 of the Complaint that are inconsistent with Exhibit E to the Complaint. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Complaint, and therefore denies the same.

80.     The allegations in Paragraph 80 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and therefore denies the same.

81.     The allegations in Paragraph 81 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and therefore denies the same.

82.     The allegations in Paragraph 82 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and therefore denies the same.

83.     To the extent the allegations in Paragraph 83 of the Complaint are directed to parties other than Scott, they require no response from Scott. To the extent a response is required to the

allegations in Paragraph 83 of the Complaint that are directed to parties other than Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Scott denies the remaining allegations in Paragraph 83 of the Complaint.

84.     To the extent the allegations in Paragraph 84 of the Complaint are directed to parties other than Scott, they require no response from Scott. To the extent a response is required to the allegations in Paragraph 84 of the Complaint that are directed to parties other than Scott, Scott is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same. Scott denies the remaining allegations in Paragraph 84 of the Complaint.

85.     Scott admits that in or around December 2022, he and Andy Rule talked with Ricardo Vita to discuss terminating the TKO SRA as to Scott (but not as to TKO). Scott denies this meeting with Vita was coordinated in any way with or connected to ZBNY Defendants. To the extent the allegations in Paragraph 85 are directed to parties other than Scott, no response is required from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 85 of the Complaint, and therefore denies the same.

86.     In response to the allegations in Paragraph 86 of the Complaint, Scott states that Exhibit E to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 86 of the Complaint that are inconsistent with Exhibit E. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint, and therefore denies the same.

87.     In response to the allegations in Paragraph 87 of the Complaint, Scott states that Exhibit E to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 87 of the Complaint that are inconsistent with Exhibit E to the Complaint.

88.     In response to the allegations in Paragraph 88 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 88 of the Complaint that are inconsistent with Exhibit F to the Complaint. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Complaint, and therefore denies the same.

89.     In response to the allegations in Paragraph 89 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 89 of the Complaint that are inconsistent with Exhibit F to the Complaint. Scott denies any remaining allegations in Paragraph 89 of the Complaint.

90.     In response to the allegations in Paragraph 90 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 90 of the Complaint that are inconsistent with Exhibit F to the Complaint. Scott denies any remaining allegations in Paragraph 90 of the Complaint.

91.     In response to the allegations in Paragraph 91 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 91 of the Complaint that are inconsistent with Exhibit F to the Complaint. Scott denies any remaining allegations in Paragraph 91 of the Complaint.

92.     In response to the allegations in the first sentence of Paragraph 92 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 92 of the Complaint that are inconsistent with Exhibit F to the Complaint.

In response to remaining allegations in Paragraph 92 of the Complaint, Scott admits that in or around December 2022, he and Andy Rule talked with Ricardo Vita to discuss terminating the TKO SRA as to Scott (but not as to TKO). Scott denies this meeting with Vita was coordinated in any way with or connected to ZBNY Defendants. Scott denies the remaining allegations in Paragraph 92 of the Complaint.

93. In response to the allegations in Paragraph 93 of the Complaint, Scott states that Exhibit F to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 93 of the Complaint that are inconsistent with Exhibit F to the Complaint.

94. In response to the allegations in Paragraph 94 of the Complaint, Scott states that Exhibit G to the Complaint is a writing that speaks for itself. Scott denies any allegations in Paragraph 94 of the Complaint that are inconsistent with Exhibit G to the Complaint.

95. The allegations in Paragraph 95 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint, and therefore denies the same.

96. The allegations in Paragraph 96 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint, and therefore denies the same.

97. The allegations in Paragraph 97 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and therefore denies the same.

98.     The allegations in Paragraph 98 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore denies the same.

99.     The allegations in Paragraph 99 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore denies the same.

100.    The allegations in Paragraph 100 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, and therefore denies the same.

101.    The allegations in Paragraph 101 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and therefore denies the same.

102.    The allegations in Paragraph 102 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and therefore denies the same.

103.    The allegations in Paragraph 103 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and therefore denies the same.

104.    The allegations in Paragraph 104 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and therefore denies the same.

105.    The allegations in Paragraph 105 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and therefore denies the same.

106.    The allegations in Paragraph 106 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint, and therefore denies the same.

107.    The allegations in Paragraph 107 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and therefore denies the same.

108.    The allegations in Paragraph 108 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and therefore denies the same.

109.     The allegations in Paragraph 109 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and therefore denies the same.

110.     The allegations in Paragraph 110 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and therefore denies the same.

111.     Scott denies the allegations in Paragraph 111 of the Complaint.

112.     Scott denies the allegations in Paragraph 112 of the Complaint.

113.     Scott denies the allegations in Paragraph 113 of the Complaint.

114.     Scott denies the allegations in Paragraph 114 of the Complaint.

115.     Scott denies the allegations in Paragraph 115 of the Complaint.

116.     Scott denies the allegations in Paragraph 116 of the Complaint.

117.     The allegations in Paragraph 117 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and therefore denies the same.

118.     The allegations in Paragraph 118 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and therefore denies the same.

119.    The allegations in Paragraph 119 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and therefore denies the same.

120.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and therefore denies the same.

121.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and therefore denies the same.

122.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint, and therefore denies the same.

123.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint, and therefore denies the same.

124.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 124 of the Complaint, and therefore denies the same. Scott denies the remaining allegations in Paragraph 124 of the Complaint.

125.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and therefore denies the same.

126.    Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint, and therefore denies the same.

127.    Scott admits that in or around December 2022, he and Andy Rule talked with Ricardo Vita to discuss terminating the TKO SRA as to Scott (but not as to TKO). Scott denies this meeting with Vita was coordinated in any way with or connected to ZBNY Defendants. Scott further states that Exhibit E to the Complaint is a writing that speaks for itself. Scott denies any

allegations in Paragraph 127 of the Complaint that are inconsistent with Exhibit E to the Complaint. Scott denies any remaining allegations in Paragraph 127 of the Complaint.

128.     Scott denies the allegations in Paragraph 128 of the Complaint.

129.     In response to the allegations in Paragraph 129 of the Complaint, Scott admits that he is employed by Medtronic in the position of CST Business Development Consultant pursuant to an employment agreement with Medtronic. Scott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 of the Complaint, and therefore denies the same.

130.     The allegations in the first sentence of Paragraph 130 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 130 of the Complaint and therefore denies the same. Scott denies the remaining allegations in Paragraph 130 of the Complaint.

131.     The allegations in Paragraph 131 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and therefore denies the same.

132.     The allegations in Paragraph 132 of the Complaint are directed to parties other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and therefore denies the same.

133.     Scott is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 133 of the Complaint and therefore denies the same. Scott denies the remaining allegations in Paragraph 133 of the Complaint.

134.     Scott denies the allegations in Paragraph 134 of the Complaint.

135.     Scott denies the allegations in Paragraph 135 of the Complaint.

136.     Scott denies the allegations in Paragraph 136 of the Complaint.

**<u>FIRST CAUSE OF ACTION</u>**
**Breach of Contract**
**(Biomet New York, Cosgrove, and Zuklie)**

137.     Scott incorporates his responses to Paragraphs 1 through 136 of the Complaint as if fully set forth herein.

138.     The allegations in Paragraph 138 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 138 of the Complaint.

139.     The allegations in Paragraph 139 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 139 of the Complaint.

140.     The allegations in Paragraph 140 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 140 of the Complaint.

141.     The allegations in Paragraph 141 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 141 of the Complaint.

142.     The allegations in Paragraph 142 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 142 of the Complaint.

143.     The allegations in Paragraph 143 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 143 of the Complaint.

144.     The allegations in Paragraph 144 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 144 of the Complaint.

145.     The allegations in Paragraph 145 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 145 of the Complaint.

146.     The allegations in Paragraph 146 of the Complaint, including subparts a through e, are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 146 of the Complaint, including subparts a through e.

147.     The allegations in Paragraph 147 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 147 of the Complaint.

148.     The allegations in Paragraph 148 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 148 of the Complaint.

149.    The allegations in Paragraph 149 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 149 of the Complaint.

150.    The allegations in Paragraph 150 of the Complaint, including subparts a through d, are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 150 of the Complaint, including subparts a through d, and denies that ZimVie is entitled to any judgment or relief requested therein.

**SECOND CAUSE OF ACTION**
**Tortious Interference with Contract**
**(Medtronic)**

151.    Scott incorporates his responses to Paragraphs 1 through 150 of the Complaint as if fully set forth herein.

152.    The allegations in Paragraph 152 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 152 of the Complaint.

153.    The allegations in Paragraph 153 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint, including subparts a through e, are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 155 of the Complaint,

including subparts a through e, and denies that ZimVie is entitled to any judgment or relief requested therein.

### THIRD CAUSE OF ACTION
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836
### (All Defendants)

156.    Scott incorporates his responses to Paragraphs 1 through 155 of the Complaint as if fully set forth herein.

157.    Scott denies the allegations in Paragraph 157 of the Complaint.

158.    The allegations in Paragraph 158 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Scott denies the allegations in Paragraph 158 of the Complaint.

159.    Scott denies the allegations in Paragraph 159 of the Complaint.

160.    Scott denies the allegations in Paragraph 160 of the Complaint.

161.    Scott denies the allegations in Paragraph 161 of the Complaint.

162.    Scott denies the allegations in Paragraph 162 of the Complaint.

163.    Scott denies the allegations in Paragraph 163 of the Complaint.

164.    Scott denies the allegations in Paragraph 164 of the Complaint.

165.    Scott denies the allegations in Paragraph 165 of the Complaint.

166.    Scott denies the allegations in Paragraph 166 of the Complaint.

167.    Scott denies the allegations in Paragraph 167 of the Complaint, including subparts a through d, and denies that ZimVie is entitled to any judgment or relief requested therein.

### FOURTH CAUSE OF ACTION
### Misappropriation of Confidential Trade Secrets – New York law
### (ZBNY Defendants and Medtronic)

168.    Scott incorporates his responses to Paragraphs 1 through 167 of the Complaint as if fully set forth herein.

169.     The allegations in Paragraph 169 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 169 of the Complaint.

170.     The allegations in Paragraph 170 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 170 of the Complaint

171.     The allegations in Paragraph 171 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 171 of the Complaint

172.     The allegations in Paragraph 172 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 172 of the Complaint

173.     The allegations in Paragraph 173 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 173 of the Complaint

174.     The allegations in Paragraph 174 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 174 of the Complaint

175.     The allegations in Paragraph 175 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 175 of the Complaint.

176.    The allegations in Paragraph 176 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 176 of the Complaint

177.    The allegations in Paragraph 177 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 177 of the Complaint

178.    The allegations in Paragraph 178 of the Complaint are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 178 of the Complaint

179.    The allegations in Paragraph 179 of the Complaint, including subparts a through d, are addressed to a party other than Scott, and therefore require no response from Scott. To the extent a response is required, Scott denies the allegations in Paragraph 179, including subparts a through d, and denies that ZimVie is entitled to any judgment or relief requested therein.

## FIFTH CAUSE OF ACTION

### Unfair Competition
### (All Defendants)

180.    Scott incorporates his responses to Paragraphs 1 through 179 of the Complaint as if fully set forth herein.

181.    Scott denies the allegations in Paragraph 181 of the Complaint.

182.    Scott denies the allegations in Paragraph 182 of the Complaint.

183.    Scott denies the allegations in Paragraph 183 of the Complaint.

184.    Scott denies the allegations in Paragraph 184 of the Complaint.

185.    Scott denies the allegations in Paragraph 185 of the Complaint, including subparts a through e, and denies that ZimVie is entitled to any judgment or relief requested therein.

## SIXTH CAUSE OF ACTION
### Civil Conspiracy to Accomplish Unfair Competition
### (All Defendants)

186.   Scott incorporates his responses to Paragraphs 1 through 185 of the Complaint as if fully set forth herein.

187.   Scott denies the allegations in Paragraph 187 of the Complaint.

188.   Scott denies the allegations in Paragraph 188 of the Complaint.

189.   Scott denies the allegations in Paragraph 189 of the Complaint.

190.   Scott denies the allegations in Paragraph 190 of the Complaint, including subparts a through d, and denies that ZimVie is entitled to any judgment or relief requested therein.

## SEVENTH CAUSE OF ACTION
### Tortious Interference with Prospective Business Relationship
### (All Defendants)

191.   Scott incorporates his responses to Paragraphs 1 through 190 of the Complaint as if fully set forth herein.

192.   Scott denies the allegations in Paragraph 192 of the Complaint.

193.   Scott denies the allegations in Paragraph 193 of the Complaint.

194.   Scott denies the allegations in Paragraph 194 of the Complaint.

195.   Scott denies the allegations in Paragraph 195 of the Complaint.

196.   Scott denies the allegations in Paragraph 196 of the Complaint.

197.   Scott denies the allegations in Paragraph 197 of the Complaint, including subparts a through d, and denies that ZimVie is entitled to any judgment or relief requested therein.

## EIGHTH CAUSE OF ACTION
### Fraudulent Inducement
### (Biomet New York, Cosgrove, Zuklie, and Scott)

198.   Scott incorporates his responses to Paragraphs 1 through 197 of the Complaint as if fully set forth herein.

199.     Scott denies the allegations in Paragraph 199 of the Complaint.

200.     Scott denies the allegations in Paragraph 200 of the Complaint.

201.     Scott denies the allegations in Paragraph 201 of the Complaint.

202.     Scott denies the allegations in Paragraph 202 of the Complaint.

203.     Scott denies the allegations in Paragraph 203 of the Complaint, including subparts

a through c, and denies that ZimVie is entitled to any judgment or relief requested therein.

**NINTH CAUSE OF ACTION**
**Breach of Contract**
**(Scott)**

204.     Scott incorporates his responses to Paragraphs 1 through 203 of the Complaint as

if fully set forth herein.

205.     To the extent the allegations in Paragraph 205 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 205 of the Complaint.

206.     To the extent the allegations in Paragraph 206 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 206 of the Complaint.

207.     To the extent the allegations in Paragraph 207 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 207 of the Complaint.

208.     To the extent the allegations in Paragraph 208 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 208 of the Complaint.

209.     To the extent the allegations in Paragraph 209 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 209 of the Complaint.

210.     To the extent the allegations in Paragraph 210 of the Complaint are conclusions of

law, no response is required. Scott denies the allegations in Paragraph 210 of the Complaint.

211.    To the extent the allegations in Paragraph 211 of the Complaint are conclusions of law, no response is required. Scott denies the allegations in Paragraph 211 of the Complaint, including subparts a through f.

212.    To the extent the allegations in Paragraph 212 of the Complaint are conclusions of law, no response is required. Scott denies the allegations in Paragraph 212 of the Complaint.

213.    To the extent the allegations in Paragraph 213 of the Complaint are conclusions of law, no response is required. Scott denies the allegations in Paragraph 213 of the Complaint.

214.    Scott denies the allegations in Paragraph 214 of the Complaint and denies that ZimVie is entitled to any judgment or relief requested therein.

215.    In response to the Prayer for Relief clause in Paragraph 215 of the Complaint, Scott denies each and every allegation in the Prayer for Relief clause and denies that ZimVie is entitled to any judgment or relief requested therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Scott reserves the right to assert any and all defenses to ZimVie's claims. Scott has not yet obtained all necessary discovery from ZimVie or others in connection with this action, and therefore reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in their answer or assuming any burden of proof that it would not otherwise bear, Scott states as follows:

1.    ZimVie's Fourth Amended Complaint fails to state a claim upon which relief can be granted.

2.      ZimVie's claims are barred, in whole or in part, by the doctrines of laches, waiver, misrepresentation, estoppel, and unclean hands.

3.      ZimVie's claims fail to the extent the Court lacks personal jurisdiction over Scott and/or venue is improper.

4.      ZimVie's claims fail to the extent the Court lacks subject matter jurisdiction over its claims.

5.      ZimVie's claims fail because it has not joined an indispensable party.

6.      ZimVie lacks standing to bring the action, failing to comply with Fed. R. Civ. P. 25 and 17.

7.      ZimVie's claims are barred, in whole or in part, because the restrictive covenants contained in the agreements attached as Exhibits D and E to the Fourth Amended Complaint or that otherwise form the basis of ZimVie's claims are overbroad and unenforceable.

8.      ZimVie's claims are barred, in whole or in part, because the restrictive covenants contained in the agreements attached to the Fourth Amended Complaint as Exhibits D and E or that otherwise form the basis of ZimVie's claims are unsupported by consideration.

9.      ZimVie's claims are barred, in whole or in part, because any alleged trade secrets or confidential or proprietary information were independently developed, publicly or readily available, failed to be kept secret, or otherwise not protectable by ZimVie.

10.      ZimVie's claims fail to the extent that Scot did not breach any restrictive covenants contained in the agreements attached as Exhibits D and E to the Fourth Amended Complaint or that otherwise form the basis of ZimVie's claim.

11.      ZimVie's claims are barred, in whole or in part, because Scott at all times acted reasonably and in good faith.

12.     ZimVie's claims for injunctive relief are barred, in whole or in part, because the restrictive covenants contained in the agreements attached as Exhibits D and E to the Fourth Amended Complaint or that otherwise form the basis of ZimVie's claims fail to protect its legitimate interests.

13.     ZimVie's claims for injunctive relief are barred, in whole or in part, because ZimVie cannot show that it will likely prevail on the merits of any of its claims.

14.     ZimVie's claims for injunctive relief are barred, in whole or in part, because ZimVie cannot show that it will suffer irreparable harm without injunctive relief.

15.     ZimVie's claims for injunctive relief are barred, in whole or in part, because ZimVie cannot show that the balance of harms weighs in favor of granting ZimVie injunctive relief.

16.     ZimVie's claims for injunctive relief are barred, in whole or in part, because the injunctive relief requested harms the public interest.

17.     ZimVie's claims for damages are barred, in whole or in part, because ZimVie cannot show any entitlement to damages or damages attributable to Scott.

18.     ZimVie's claims for damages are barred, in whole or in part, because ZimVie has failed to mitigate its damages.

19.     Scott reserves the right to assert additional defenses or claims that may become known during the course of discovery.

**PRAYER FOR RELIEF**

Scott respectfully requests that the Court enter judgment as follows:

A.     Dismissing ZimVie's Fourth Amended Complaint with prejudice;

B.     Entering judgment against ZimVie and in favor of Scott;

C.    Awarding Scott his costs and disbursements, including attorneys' fees, incurred in defending this action; and

D.    Granting such other and further relief as the Court may deem just and equitable.

Dated:  July 3, 2024

*s/ Sarah A. Horstmann*
Sarah A. Horstmann *(Pro Hac Vice)*
Lukas S. Boehning *(Pro Hac Vice)*
Fredrikson & Byron, P.A.
60 South Sixth Street
Suite 1500
Minneapolis, MN  55402-4400
(612) 492-7000
shorstmann@fredlaw.com
lboehning@fredlaw.com

Terri L. Chase
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone (305) 714-9722
tlchase@jonesday.com

Maryssa A. Mataras
Ira Handa
JONES DAY
250 Vesey Street
New York, New York, 10281
Telephone: (212) 326-3939
mmataras@jonesday.com
ihanda@jonesday.com


*Attorneys for Defendants Medtronic, Inc.,*
*Medtronic USA, Inc., and John Scott*